UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KENNETH L. EDWARDS,<br>     Petitioner, | Civil Action No. 1:10-cv-637 |
| vs. | Dlott, J.<br>Bowman, M.J. |
| | **REPORT AND RECOMMENDATION** |
| WARDEN, ROSS CORRECTIONAL<br>INSTITUTION<br>     Respondent. | |

Petitioner, an inmate in state custody at Ross Correctional Institution, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Petitioner challenges his incarceration stemming from his April 7, 2004 drug and burglary convictions.  This matter is before the Court on respondent's motion to dismiss, filed November 11, 2010.  (Doc. 6).

This is not the first federal habeas corpus petition filed by petitioner with this Court challenging his 2004 convictions.  On December 1, 2008, petitioner filed his first § 2254 petition, which alleged constitutional rights violations based on torture by the state trial court, ineffective assistance of counsel, evidence obtained pursuant to unlawful arrest, and a failure to disclose evidence favorable to him by the prosecutor.  *Edwards v. Warden*, Case No. 1:08-cv-850 (S.D. Ohio Dec. 5, 2008) (Spiegel, J; Hogan, M.J.) (Doc. 1).  This Court denied the petition after concluding that petitioner's claims were time-barred by the applicable one-year statute of limitations.  *Id.* (Docs. 8, 14).

With regard to the instant petition, respondent contends that the matter should be dismissed or, in the alternative, transferred to the United States Court of Appeals for the Sixth

Circuit on the ground that it constitutes a second or successive petition over which this Court lacks jurisdiction under 28 U.S.C. § 2244(b)(3)(A). (Doc. 6). For the reasons that follow, the undersigned agrees that the matter should be transferred to the Sixth Circuit.

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and (2) the facts would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id. See Magwood v. Patterson*, 130 S.Ct. 2788, 2796 (2010); *In re Cook,* 215 F.3d 606, 607 (6th Cir. 2000).

In this case, petitioner is attacking the same conviction and sentence challenged in his prior petition. (*See* Doc. 1). This Court's decision denying the prior petition based on statute of limitations grounds constitutes an adjudication on the merits. *See, e.g., McNabb v.Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009); *Murray v. Greiner*, 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v.*

*Benik*, 337 F.3d 764, 766 (7th Cir 2003); *Smith v. Jackson*, No. 1:09-cv-107, 2009 WL 3151308, at *2 (S.D. Ohio Sept. 25, 2009) (finding that a dismissal of a habeas petition for failure to comply with the one-year statute of limitations renders subsequent habeas petitions second or successive).[1] Therefore, the instant petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b), and this Court lacks jurisdiction to consider it without petitioner's first obtaining authorization from the Sixth Circuit.

When a prisoner has filed a second or successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2d Cir. 1996)).

Accordingly, it is hereby recommended that respondent's motion to dismiss the petition (Doc. 6) be **DENIED** to the extent respondent requests that the petition be dismissed, but **GRANTED** to the extent respondent alternatively requests that the petition be transferred to the Sixth Circuit for review and determination whether the district court should be granted authorization to entertain the successive petition.

---

[1] *Contrast Gonzalez v. Crosby*, 545 U.S. 524, 535-36 (2005) (holding that a motion for relief from judgment under Fed. R. Civ. P. 60(b), which "challenges only the District Court's previous ruling on AEDPA statute of limitations, ... is not the equivalent of a successive habeas petition").

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss the petition (Doc. 6) be **DENIED** to the extent respondent requests that the petition be dismissed, but **GRANTED** to the extent respondent alternatively requests that the petition be transferred to the Sixth Circuit for review and determination whether the district court should be granted authorization to entertain the successive petition.

2. The petition for a writ of habeas corpus (Doc. 1) be **TRANSFERRED** pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for consideration whether the district court may review the petition in accordance with 28 U.S.C. § 2244(b).

Date:  1-10-11                                                                      s/ Stephanie K. Bowman
                                                                                   Stephanie K. Bowman
                                                                                   United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

KENNETH L. EDWARDS,                 Civil Action No. 1:10-cv-637
    Petitioner,

                                          Dlott, J.
    vs.                                   Bowman, M.J.

WARDEN, ROSS CORRECTIONAL
INSTITUTION
    Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).